SLT:MEL
F. #2014R00150/OCDETF#NYNYE-653

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ROMAN NARVAEZ ANSAZOY,

██████████████████████

RUBEN DURAN MORENO,
    also known as "Gato" and "Misinga,"

████████████████
██████████████████████████

ROBERT TULIO ANGULO CUERO, and
LUIS MARGARITO GARCIA RUIZ,
    also known as "Margaro,"

        Defendants.

- - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 14-48 (S-1) (BMC)
(T. 21, U.S.C., §§ 848(a), 848(b), 848(c),
853(a), 853(p), 959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C., § 2,
3238 and 3551 et seq.)

THE GRAND JURY CHARGES:

### INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

    1.    The NARVAEZ Drug Trafficking Organization (the "NARVAEZ

DTO") was one of the top producers of cocaine in Colombia.   The NARVAEZ DTO acted as

the source of supply for multiple drug trafficking organizations based in Colombia.

    2.    The NARVAEZ DTO was responsible for producing multi-ton

quantities of cocaine, on a monthly basis, in laboratories in the Cauca region of Colombia.

The laboratories were located in remote areas of the jungle.   After the cocaine was produced,

members and associates of the NARVAEZ DTO transported the cocaine to Colombian ports on the Pacific Ocean so that the cocaine could be exported from Colombia by sea.   In transporting the cocaine from the jungle areas of Cauca to ports cities on the Pacific Ocean, members and associates of the NARVAEZ DTO would travel through areas of Colombia controlled by paramilitary groups.   Members and associates of the NARVAEZ DTO would pay taxes to the paramilitary groups that controlled these areas in exchange for safe passage to the port cities on the Pacific Ocean.   One of the paramilitary groups that charged the NARVAEZ DTO taxes in exchange for safe passage was the Revolutionary Armed Forces of Colombia (the "FARC").

3.   Once the cocaine reached the port cities on the Pacific Ocean, the NARVAEZ DTO would deliver the cocaine to representatives of other drug trafficking organizations in port cities in Colombia.   The vast majority of the cocaine that the NARVAEZ DTO delivered to port cities on the Pacific Ocean was destined for the United States.

4.   The defendant ROMAN NARVAEZ ANSAZOY was a principal leader of the NARVAEZ DTO.

COUNT ONE
(Continuing Criminal Enterprise)

5.   The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.   On or about and between July 1, 2009 and April 30, 2013, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ROMAN NARVAEZ ANSAZOY, together with others, did knowingly and

2

intentionally engage in a continuing criminal enterprise, in that the defendant ROMAN

NARVAEZ ANSAZOY, committed violations of Title 21, United States Code, Sections

952(a), 959(a), 960 and 963, including Violations One through Five set forth below, which

violations were part of a continuing series of violations of those statutes undertaken by the

defendant ROMAN NARVAEZ ANSAZOY, the principal administrator, organizer and leader

of the continuing criminal enterprise, in concert with five or more other persons, with respect

to whom the defendant ROMAN NARVAEZ ANSAZOY occupied a supervisory and

management position, and from which continuing series of violations the defendant ROMAN

NARVAEZ ANSAZOY obtained substantial income and resources, in excess of $10 million

in gross receipts during one or more twelve-month periods for the manufacture, importation

and distribution of cocaine.   The continuing series of violations involved at least 300 times the

quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to

wit: 150 kilograms or more of a substance containing cocaine.   The continuing series of

violations, as defined by Title 21, United States Code, Section 848(c), included Violations One

through Five set forth below:

<u>Violation One</u>
(International Cocaine Manufacture and Distribution Conspiracy)

      7.      On or about and between July 1, 2009 and April 30, 2013, both dates

being approximate and inclusive, within the extraterritorial jurisdiction of the United States,

the defendant ROMAN NARVAEZ ANSAZOY, together with others, did knowingly and

intentionally conspire to manufacture and distribute five kilograms or more of a substance

containing cocaine, a Schedule II controlled substance, intending and knowing that such

3

substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Two
### (International Cocaine Manufacture and Distribution)

8.    In or about and between July 2009 and August 2009, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ROMAN NARVAEZ ANSAZOY, together with others, did knowingly and intentionally manufacture and distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Three
### (International Cocaine Distribution)

9.    In or about February 2013, within the extraterritorial jurisdiction of the United States, the defendant ROMAN NARVAEZ ANSAZOY, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

4

<u>Violation Four</u>
(Manufacture of Cocaine with Intent to Import)

10.     In or about March 2013, within the extraterritorial jurisdiction of the

United States, the defendant ROMAN NARVAEZ ANSAZOY, together with others, did

knowingly and intentionally manufacture five kilograms or more of a substance containing

cocaine, a Schedule II controlled substance, intending and knowing that such substance would

be unlawfully imported into the United States from a place outside thereof, in violation of Title

21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18,

United States Code, Section 2.

<u>Violation Five</u>
(International Cocaine Distribution)

11.     In or about April 2013, within the extraterritorial jurisdiction of the

United States, the defendant ROMAN NARVAEZ ANSAZOY, together with others, did

knowingly and intentionally distribute five kilograms or more of a substance containing

cocaine, a Schedule II controlled substance, intending and knowing that such substance would

be unlawfully imported into the United States from a place outside thereof, in violation of Title

21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18,

United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18,

United States Code, Sections 3238 and 3551 <u>et</u> <u>seq</u>.)

## COUNT TWO
(International Cocaine Manufacture and Distribution Conspiracy)

12.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

13.     On or about and between July 1, 2009 and April 30, 2013, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ROMAN NARVAEZ ANSAZOY, █████████████████████████ RUBEN DURAN MORENO, also known as "Gato" and "Misinga," ████████ █████████████████████████████████████████ROBERT TULIO ANGULO CUERO and LUIS MARGARITO GARCIA RUIZ, also known as "Margaro," did knowingly and intentionally conspire to manufacture and distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3).

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT THREE
(International Distribution of Cocaine)

14.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between July 2009 and August 2009, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ROMAN NARVAEZ ANSAZOY and█████████████████████████,

6

together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT FOUR
(International Distribution of Cocaine)

16.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about February 2013, within the extraterritorial jurisdiction of the United States, the defendants ROMAN NARVAEZ ANSAZOY, ▬▬▬▬▬▬ ▬▬▬▬▬▬ RUBEN DURAN MORENO, also known as "Gato" and "Misinga," ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ROBERT TULIO ANGULO CUERO and LUIS MARGARITO GARCIA RUIZ, also known as "Margaro," together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

7

COUNT FIVE
(Manufacture of Cocaine with Intent to Import)

18.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about March 2013, within the extraterritorial jurisdiction of the United States, the defendants ROMAN NARVAEZ ANSAZOY, ██████████████████ ██████████ and RUBEN DURAN MORENO, also known as "Gato" and "Misinga," together with others, did knowingly and intentionally manufacture five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT SIX
(International Distribution of Cocaine)

20.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

21.     In or about April 2013, within the extraterritorial jurisdiction of the United States, the defendants ROMAN NARVAEZ ANSAZOY, ██████████████████ ██████████ and RUBEN DURAN MORENO, also known as "Gato" and "Misinga," together with others, did knowingly and intentionally distribute five kilograms or more of a substance

8

containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

22.    The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of his interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to the following:

### Money Judgment

a.    A sum of money in the amount of at least $100 million in United States currency.

23.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

9

e.      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO<br>COUNTS TWO, THREE, FOUR, FIVE AND SIX

24.      The United States hereby gives notice to the defendants charged in

Counts Two, Three, Four, Five and Six that, upon their conviction of any such offenses, the

government will seek forfeiture in accordance with Title 21, United States Code, Section

853(a), which requires any person convicted of such offenses to forfeit any property

constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such

offenses, and any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such offenses including but not limited to, the following:

Money Judgment

a.      A sum of money in the amount of at least $100 million in United

States currency.

25.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

10

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

Robert Heffernan

FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

11

F. #2014R00150/OCDETF #NYNYE-653

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

*ROMAN NARVAEZ ANSAZOY,* ███████████████████ *, RUBEN DURAN MORENO,*
███████████████████ *, ROBERT TULIO ANGULO CUERO and LUIS MARGARITO GARCIA RUIZ,*

Defendants.

## SUPERSEDING INDICTMENT

(T. T. 21, U.S.C., §§ 846, 848(a), 848(b), 848(c), 848(e)(1)(A), 853(a), 853(p), 924(d), 952(a), 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d), 2 and 3551 et seq.)

*A true bill.*   Robert Hoffman

_____

Foreperson

_____

*Filed in open court this* _____ *day of* _____ *A.D. 20* _____

_____

Clerk

*Bail, $* _____

_____

*Margaret Lee and Michael Robotti, Assistant U.S. Attorneys (718) 254-7000*

12